# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2212 | **DATE** | March 10, 2003 |
| **CASE TITLE** | Bell Enterprises Venture, et al. v. Santanna Natural Gas Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion for Relief from Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for relief from judgment [#172-1] is **DENIED**.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 12 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 185 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BELL ENTERPRISES VENTURE )
and HTP AMERICA, INC., )
 )
Plaintiffs, )
 ) NO. 01 C 2212
v. )
 ) JUDGE WILLIAM J. HIBBLER
SANTANNA NATURAL GAS CORP., )
T. WAYNE GATLIN and JESSE D. SMITH, )
 )
Defendants. )

MEMORANDUM OPINION AND ORDER

On October 8, 2002, the Court issued a Memorandum Opinion and Order granting the motion for summary judgment filed by Individual Defendants T. Wayne Gatlin and Jesse D. Smith with respect to Plaintiffs' civil RICO claim.[1] Because the RICO count provided the sole basis for federal jurisdiction, the Court dismissed Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367. On October 23, 2002, Plaintiffs filed a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). However, because Plaintiffs' motion was filed within ten days of entry of judgment, as computed in accordance with Fed. R. Civ. P. 6(a), the Court treats the motion as a request to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001) (collecting cases). The only grounds for granting Rule 59(e) relief are "newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

Plaintiffs maintain the Court committed the following manifest errors of law: (1) entered a *sua sponte* grant of summary judgment; (2) used an improper standard for analyzing scienter; and

---

[1] *Bell Enter. Venture et al. v. Santanna Natural Gas Corp., et al.*, 2002 WL 31269437 (N.D. Ill. Oct. 9, 2002).

(3) refused to rule on their previously filed motion to deem facts admitted. Plaintiffs also ask the Court, in the interests of judicial economy and fairness, to retain jurisdiction over their state law claims. Because the Court finds no merit in any of Plaintiffs' contentions, their Rule 59(e) motion is denied.

I.

First, Plaintiffs argue, they had no notice that the Court intended to grant summary judgment on the basis that Defendants[2] did not possess the requisite intent to defraud. Claims of mail and wire fraud, which is what Plaintiffs alleged here, require proof of three elements: (1) participation in a scheme to defraud; (2) intent to defraud; and (3) use of the mails or wire in furtherance of the fraudulent scheme. *Bell*, 2002 WL 31269437, at *4. Defendants moved for summary judgment on the grounds that Plaintiffs had no evidence of fraudulent conduct engaged in by either of them, and that Plaintiffs could not identify mailings that induced them to act or interstate wire communications. Plaintiffs responded by identifying the relevant incidents of alleged "wire" and mail activity, and arguing that the mails and wires had been used in connection with a scheme to defraud. In addition, Plaintiffs spent almost three pages (in a section of the "Facts" entitled "Defendants' Intentional and/or Reckless Acts of Wrongdoing"), pointing out evidence in the record that Defendants had not raised in their summary judgment papers, which, Plaintiffs argued, demonstrated "deliberate and/or fraudulent activity" by Defendants and thus distinguished this case from the "run-of-the-mill breach of contract" action. Defendants, in their reply, contended that the facts Plaintiffs relied upon were insufficient to show that they acted with

---

[2]For simplicity sake, the Court refers to Individual Defendants Gatlin and Smith as "Defendants," except when necessary to distinguish between Defendant Santanna and the individuals.

-2-

fraudulent intent.

The Court ultimately rested its summary judgment determination on Plaintiffs' failure to show racketeering activity, which requires a pattern of fraud, because there was not enough evidence from which a reasonable jury could find Defendants intended to defraud natural gas consumers. Plaintiffs now maintain that their responsive argument focused solely on the third element of a fraud claim, use of the mails and wires, and thus the Court *sua sponte* granted summary judgment based on the second element, lack of intent. In *Acequia, Inc. v. Prudential Ins. Co. of America*, 226 F.3d 798 (7th Cir. 2000), the Seventh Circuit ruled that "[a] district court is permitted to enter summary judgment *sua sponte* if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition." *Id.* at 807. Plaintiffs insist they were unaware that the Court was considering the question of Defendants' intent; however, it was the *Plaintiffs* who raised this issue first by presenting over two pages of evidence with respect to the Defendants' purchasing decisions and actions in continuing to sign up new customers in an attempt to show that Defendants made promises they had no intention of keeping.

Proof of intent was a crucial issue in this case since Defendants maintained Plaintiffs were improperly attempting to transform a breach of contract claim into fraud. As the Court explained in its Opinion, what distinguishes a breach of contract claim, which involves a failure to honor a promise, from a fraud claim, which involves a plan not to keep one's promises, is the specific intent to defraud. *Bell*, 2002 WL 31269437, at *4-6. Plaintiffs took the opportunity to present to the Court their spin on particular facts that they believed showed fraudulent activity on the part of the Defendants, presumably to demonstrate an issue of material fact with respect to Defendants' intent and thus preclude entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986) (party opposing summary judgment must identify specific facts showing that there is a genuine issue for trial). It is therefore disingenuous for Plaintiffs to now complain, after they have lost on the intent issue, that they were never given a chance to assert their position prior to the Court's ruling. Indeed, Plaintiffs have not hesitated throughout this litigation to inundate the Court with motion after motion. Thus, the Court is certain that if Plaintiffs truly believed the Defendants raised the question of intent for the first time in their reply, Plaintiffs would have quickly sought leave to file a sur-reply. Consequently, the Court finds no manifest error of law on this point.

## II.

Next, Plaintiffs argue that the Court, in analyzing intent, failed to consider whether the Defendants acted recklessly, as opposed to with actual, specific intent. However, regardless of whether the broader standard applies, Plaintiffs' evidence is still insufficient to create an issue of fact on intent. The Seventh Circuit has said that reckless indifference, for purposes of the federal mail fraud statute, denotes "knowledge by the defendant that there was a high risk of harm to the plaintiff coupled with a failure to take any feasible measure to counter the risk, either by investigating further to see whether there really is a risk and how serious it is or by desisting from the risky activity." *Desnick v. American Broad. Cos., Inc.*, 233 F.3d 514, 517 (7th Cir. 2000).

Plaintiffs contend the facts adduced here reveal that Defendants acted recklessly in causing Santanna to promise to supply natural gas to customers at a low fixed rate at a time when the market price of natural gas made it unprofitable for Defendants to honor that commitment. (Plaintiffs' Mot. for Relief from J., ¶ 7). Plaintiffs point out that by the end of the 2000 enrollment period, natural gas traded at a price only slightly lower than the fixed rate in their contracts. But Plaintiffs fail to present evidence showing how Defendants' willingness to contract in the face of

-4-

a razor-thin margin translates into the "high risk of harm" required to demonstrate reckless activity. Certainly Plaintiffs need not prove recklessness to defeat summary judgment; however, to create a genuine issue of material fact Plaintiffs must come forward with enough evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247. Their attempt to demonstrate a triable issue falls short because the evidence they rely upon shows, at best, that uncertainty existed with regard to the ability fo fulfill the contractual obligations, *after Santanna had already entered into the fixed rate contracts*. In analyzing Plaintiffs' *fraud* claim, the Court looks for evidence suggesting no intent by Defendants at the time of the contract to honor those terms. *Bell*, 2002 WL 31269437, at *4. Plaintiffs still have not provided a shred of support for their contention that in 1999 and 2000 when Defendants were promising customers low fixed rates for three years, they intentionally and/or recklessly disregarded a serious risk that natural gas prices might escalate to unprecedented levels during the contractual period. *Id.* at *6.

While the Seventh Circuit has cautioned that issues of motive and intent should not be resolved on summary judgment, it has also recognized that "where a plaintiff fails to produce evidence raising a material question of fact regarding . . . the reckless or callous nature of the defendant's actions," summary judgment is nonetheless appropriate. *Kyle v. Patterson*, 196 F.3d 695, 698 (7th Cir. 1999). Plaintiffs have not come forward with enough evidence, under either a theory of recklessness or actual intent, to create a triable issue of material fact. As such, the Court finds no manifest error of law on this point.

*III.*

Third, Plaintiffs argue that the Court failed to take into consideration Defendants' alleged admission that they had no intent to honor the fixed rate contracts. On August 6, 2002, Plaintiffs filed a motion to deem facts admitted, contending, for the most part, that Defendants had refused

to respond to certain requests for admission because they related to Santanna's website. On August 8, 2002, the parties appeared before the Court, and after hearing from both sides, the motion was denied. Specifically, the Court explained to Plaintiffs' counsel that there were already several pending summary judgment motions, and therefore, unless the facts Plaintiffs sought to admit directly affected those motions, the Court would not consider the matter at that time. Plaintiffs' counsel stated that he believed the facts would affect summary judgment, but deferred to the Court's judgment, indicating that he did not want to overburden the Court in terms of motions. But now that Plaintiffs have lost on summary judgment, they contend the Court erred in refusing to consider their motion since Defendants, by not responding to the request to admit, effectively admitted that they acted with the requisite fraudulent intent.

Plaintiffs concede, though, that the Individual Defendants adopted Santanna's responses to the Requests to Admit, and that subject to two objections, Santanna denied this particular request to admit. Nevertheless, Plaintiffs argue this denial was insufficient, and thus the failure to properly respond constitutes a binding admission. Even if that is so (and the Court does not believe it is), Plaintiffs' argument comes too late. If Plaintiffs thought there were particular favorable facts the Court should consider on summary judgment, then they should have specifically identified those contentions in their summary judgment papers. *See Northern District of Illinois Local Rule 56.1*. At the hearing on the discovery motion, the Court expressed a willingness to consider any information that related to the pending requests for summary judgment, but Plaintiffs presented the Court with nothing specific until after the motions were decided against them. The Court need not waste judicial resources adjudicating a discovery dispute that Plaintiffs made no real attempt to show was relevant to the motions under consideration. As such, the Court finds no manifest error of law on this point.

## IV.

Finally, Plaintiffs argue that the Court should have retained jurisdiction over their state law claims. Plaintiffs claim that it is unfair to force them to start over in state court, when their motion for class certification and motion for summary judgment on the breach of contract claim sat unadjudicated in this Court for so long. True, Plaintiffs moved for summary judgment shortly after filing the complaint in March 2001. However, Plaintiffs ignore the fact that the Court could not rule on their motions until it first considered Defendants' motions to dismiss. The Individual Defendants challenged personal jurisdiction in Illinois, and then the Defendants collectively moved to dismiss the complaint, including the RICO count, for failure to state a claim. Because federal jurisdiction rested on the RICO claim against the Individual Defendants, the Court could not ignore those jurisdictional challenges. Consequently, the Court issued separate rulings in October 2001, and December 2001, explaining that although personal jurisdiction could be asserted over the Individual Defendants, Plaintiffs had failed to plead a RICO claim.

In January 2002, Plaintiffs tendered a First Amended Complaint, which the Court accepted. Once the initial complaint was extinguished, Plaintiffs' motions for summary judgment and class certification with respect to that complaint were mooted. Therefore, the Court allowed Plaintiffs to refile their initial summary judgment motion as to the First Amended Complaint, and also granted the parties an opportunity to file supplemental briefs. Defendants, who had not yet answered the First Amended Complaint, indicated their intent to move for summary judgment on the breach of contract and RICO counts. The Court then set reasonable briefing schedules, so as to allow all motions to be fully briefed and considered at once. Contrary to Plaintiffs' beliefs, judicial economy would not have been served by the Court considering each motion piecemeal.

Moreover, this is not a complex case. Indeed, the Illinois state courts have already handled

several breach of contract cases against Santanna arising out of the modification of the fixed rate contracts. Equities and justice therefore do not dictate that this Court should retain jurisdiction over purely state law claims. Given that discovery is complete, the case should progress rapidly through the state courts.

Accordingly, for all the foregoing reasons, Plaintiffs' Rule 59(e) motion is DENIED.

IT IS SO ORDERED.

WILLIAM J. HIBBLER, DISTRICT JUDGE

DATED: March 10, 2003